**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CECIL RAY VEGA | ) | |
| | ) | |
| v. | ) | 3-07-CV-1772-B |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Woodville, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of guilty to the offense of delivery of a controlled substance as charged in the indictment returned in No. 24025-422, Vega was assessed a term of eight

years imprisonment and a $3,000.00 fine pursuant to a written plea agreement.[1] The sentence imposed was that agreed upon by the prosecution and by Vega. As part of the plea agreement he waived his right to appeal his conviction. On October 26, 2006, he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, in the state trial court. On June 27, 2007, the Texas Court of Criminal Appeals delivered its opinion in which it reformed the judgment in No. 24025-422 to show that Vega was convicted of a second degree felony rather than a first degree felony and that punishment was assessed pursuant to Texas Health and Safety Code § 481.134(c), not § 481.134(b). In all other respects relief was denied.

Vega filed his § 2254 petition in this court on October 10, 2007.[2] In response to the petition and this court's show cause order Respondent filed his answer and copies of Vega's prior state proceedings. Vega filed his traverse on January 30, 2008.

**Findings and Conclusions**: In his answer Respondent contends that the petition is time-barred and therefore should be dismissed. Specifically, he argues that the conviction at issue became final on January 11, 2006, and that the one-year limitation period began to run on January 12, 2006, the day after he was sentenced to the eight-year term.

---

[1]On January 11, 2006, the same day on which he pleaded guilty and was sentenced in No. 24025-422, Vega pleaded guilty to a failure to appear offense charged in No. 24026-422 for which he received a concurrent eight year sentence and a $3,000.00 fine, pleaded guilty to a possession with intent to deliver offense in No. 23026-422 for which he received a twelve month state jail sentence, and pleaded true to violations of his previously imposed non-adjudicated term of probation imposed in No. 22047-422 resulting in the revocation of probation and assessment of an eight year prison term. In each case Vega waived the right to appeal the conviction and sentence.

[2]The petition is deemed to have been filed on October 10, 2007, the date on which he executed it and placed it in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

2

28 U.S.C. § 2244(d)(1) sets out the circumstances which trigger when the limitation period begins to run. The provision which applies in Vega's case is "the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review." § 2244 (d)(1)(A).

Generally speaking when a Texas prisoner does not appeal a judgment in a criminal case, the judgment does not become final until thirty days after the sentence is imposed. *See* Texas Rule of Appellate Procedure 26.2 (a)(1) (effective September 1, 1997). *See also Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000). However, in the present case Quarterman argues that this thirty day period does not apply because Vega expressly waived his right to appeal as a part of the plea bargain struck in No. 24025-422 as well as in the other cases disposed of on January 11, 2006. *See* n. 1, *supra.*

"Plea bargain agreements are contractual in nature and are to be construed accordingly." *Hentz v. Hargett*, 71 F.3d 1169, 1173 (5th Cir.) cert. denied 517 U.S. 1225, 116 S.Ct. 1858 (1996). "The application of contract law to plea agreements is premised on 'the notion that the negotiated guilty plea represents a bargained-for *quid pro quo*'." *United States v. Asset,* 990 F.2d 208, 215 (5th Cir. 1993) (quoting *United States v. Escamilla*, 975 F.2d 568, 570 (5th Cir. 1992).

Therefore, unlike those situations in which a plea agreement is silent with respect to a defendant's appellate rights or when a sentence is imposed without any discussion of whether or not a defendant intends to pursue direct appeal rights, Vega's relinquishment of his right to appeal was an express bargained-for consideration. It is well settled that a defendant may waive his right to a direct appeal and that an appeal filed in the face of an express waiver is subject to dismissal. *See e.g. United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997) ("So long as a plea is informed and voluntary, we will enforce a waiver of appeal"), *cert. denied*, 522 U.S. 1152 (1998).

3

In determining whether Petitioner's guilty plea was voluntary and therefore binding, it is necessary to address his claim that his trial attorney was ineffective in advising him to plead guilty. *See United States v. Henderson,* 72 F.3d 463, 465 (5th Cir. 1995). When a conviction is obtained as a result of a plea of guilty, a claim of ineffective assistance of counsel is governed by the Supreme Court's decision in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985). In order to satisfy the "prejudice" requirement of the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2067 (1984), a habeas petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370. Considered in the context in which Vega's ineffective assistance of counsel claim is made, the showing which he must make is that *assuming arguendo* that his attorney misinformed him that the offense was a first degree felony rather than a second degree felony, there is a reasonable probability that he would have rejected the State's eight year offer in No. 24025-422 and would have rejected the State's offers in the remaining cases and gone to trial in each, exposed to twenty year terms of imprisonment rather than the eight years under the plea agreements in the second degree felonies.

His trial attorney in all of the cases on which sentences were imposed on January 11th executed an affidavit in the art. 11.07 proceeding. *See* WR-66,460-01, First Supplemental Writ Record at 102-103. Mr. Jordan stated: "Upon reviewing the evidence in each of the cases, Mr. Vega and I agreed that he might be acquitted on at least one of the cases, however the overwhelming evidence in the other cases would have exposed him to a far greater range of punishment than what our plea bargain called for. Mr. Vega and I were in complete agreement with regard to the disposition of these cases." In addressing the claims presented in the art. 11.07 application the state

4

trial court found *inter alia* that his guilty plea was freely and voluntarily made. *Id.* at 105-106; 107 and also rejected his ineffective assistance of counsel claim. The Court of Criminal Appeals concurred and agreed with the trial court's findings based upon the record and the attorney's affidavit.

To the extent that the determination of the state court system is based on factual findings, the same are entitled to a presumption of correctness, *see* § 2254 (e)(1), and Vega cannot show that rejection of his involuntary guilty plea claim by the Texas courts was unreasonable under § 2254(d)(1) or (2).

Because Vega has failed to establish that his guilty plea under the signed plea bargain agreement was not knowingly and voluntarily entered, he is bound by its terms, including his agreement not to file a direct appeal. Since he had waived any right to appeal, the judgment in No. 24025-422 began to run on January 12, 2006, the day after he pled guilty and was sentenced.[3] 287 days elapsed prior to October 26, 2006 - the date on which he filed his art. 11.07 application. The limitation period was tolled until June 27, 2007, the date on which the Court of Criminal Appeals

---

[3]I have found several unpublished district court opinions which find that a judgment becomes final on the date that the time to appeal expires <u>despite the fact</u> that the petitioning inmate waived the right to appeal as part of a plea agreement. *See Hacker v. Cockrell*, 2003 WL 21246073, at *2-3, No. 4:02-CV-779-Y (N.D. Tex. Feb. 11, 2003); *Kessinger v. Cockrell*, 2003 WL 22056005, 4:02-CV-0863-A (N.D. Tex. Feb. 11, 2003), *appeal dism. want of prosecution*, No. 04-11369 (5th Cir. Feb. 15, 2005); *Carter v. Quarterman*, 2006 WL 2946720, No. 3:04-CV-0649-N-BH (N.D. Tex. Sep. 22, 2006), *recommendation accepted* (Oct. 12, 2006); *Greer v. Quarterman*, 2007 WL 2140205, No. 4-06-CV-1742 (S.D Tex. Jul. 24, 2007), *COA denied*, No. 07-20642 (5th Cir. Jun. 10, 2008); *Hernandez v. United States*, 2007 WL 4570680, No. EP-07-CA-0379-PRM, No. 3:04cr1647 (W.D. Tex. Dec. 20, 2007), *appeal pending*, No. 08-50512.
   As reflected in each unpublished opinion or recommendation, the habeas petitioner had waived his right of direct appeal. In each case the court found that the petitioner's conviction did not become final until the time to appeal had expired, although in each -- with the exception of *Hacker* -- the court found that the petition/motion was time barred. Moreover, it was only in *Hacker* that Respondent asserted the argument made in his present answer.

filed its opinion which granted in part and denied in part the relief sought. *See* § 2244 (d)(2). 78 days of the one-year period remained which required that his federal petition be filed on or before September 13, 2007. As noted above the § 2254 petition was not filed until October 10, 2007, 27 days too late.

In the main Vega's traverse reiterates the merits of his claims. To the extent it suggests that equitable tolling should be applied, his assertions do not demonstrate the presence of "rare and exceptional circumstances" warranting application of this equitable principle. Despite his educational deficiencies the record shows that he was able to file a 21 page brief with his art. 11.07 application and a ten page list of objections to the state trial court's findings. Each of these pleadings includes copious citations to state and federal cases. Whether Vega himself drafted these documents is unknown, but it is clear that he had the ability to see that well-drafted pleadings were filed in the state courts. Given that a § 2254 petition does not require a legal memorandum, but only a statement of facts in support of exhausted grounds for relief, his delay in filing the federal petition is not subject to equitable tolling.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed because it was not timely filed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 2nd day of July, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.